UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ALLEN EXCHANGE PARTNERS, LTD. | § § § |
| v. | §  CIVIL NO. 4:21-CV-870-SDJ |
| CLA ALLEN, LLC | § § § |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant CLA Allen, LLC's Motion to Dismiss. (Dkt. #15). Plaintiff Allen Exchange Partners, Ltd., responded to the motion, (Dkt. #20), and CLA Allen filed a reply, (Dkt. #21). The Court, having considered the motion, the subsequent briefing, the record, and the applicable law, **GRANTS** the motion and dismisses this case.

## I. BACKGROUND

In 2015, Allen Exchange was the owner of a parcel of real property in Collin County, Texas ("Property"). On May 20, 2015, Allen Exchange and CLA Allen entered into a lease pursuant to which CLA Allen agreed to construct and operate a childcare center on the Property.

On October 20, 2016, the parties entered into an amended lease that stated that CLA Allen was responsible for constructing the childcare center and extended the deadlines for certain milestones that CLA Allen was required to achieve in connection with constructing and operating the center. A couple of weeks later, CLA Allen allegedly received notice that financing for the center was in place. Although the loan closed on this date, loan proceeds could not be disbursed until CLA Allen

1

reached certain construction milestones. More than five years after the parties signed the amended lease, CLA Allen had not secured construction permits, begun construction, or otherwise taken steps to develop the childcare center.

On June 21, 2021, Allen Exchange transferred the Property to RPGC Exchange, LLC, by way of a special warranty deed. *See* (Dkt. #15-1). Three days later, Allen Exchange received a phone call and a letter from CLA Allen's counsel. *See* (Dkt. #14-10). In the letter, counsel indicated that CLA Allen was interested in going forward with construction of the childcare center. Approximately four months after that, CLA Allen's counsel sent Allen Exchange and RPGC Exchange a letter providing notice of default. *See* (Dkt. #14-11). In the letter, counsel stated that CLA Allen could "reasonably conclude [it] must sue if [Allen Exchange and RPGC Exchange] stonewall[ed]" CLA Allen on its request for confirmation of financing. (Dkt. #14-11 at 3). CLA Allen's counsel also put Allen Exchange and RPGC Exchange "on notice of the likelihood of litigation based on my client's rights under the lease." (Dkt. #14-11 at 4). Finally, CLA Allen's counsel noted that Allen Exchange and RPGC Exchange had thirty days to cure—by representing that one of them was finalizing or had finalized financing—without incurring an obligation to pay attorney's fees. (Dkt. #14-11 at 3–4).

Based on the foregoing, Allen Exchange brought this declaratory-judgment action against CLA Allen. Allen Exchange seeks a declaratory judgment that: (1) the amended lease terminated by its own terms on or before June 24, 2021; (2) CLA Allen breached the amended lease on or before December 1, 2018; (3) Allen Exchange's

2

obligations under the amended lease were released by the settlement agreement; or (4) the amended lease is otherwise unenforceable by CLA Allen because CLA Allen did not timely secure construction permits, make rent payments, or comply with any other material terms of the amended lease. (Dkt. #14 ¶ 21). CLA Allen moved to dismiss, arguing that the Court lacks subject-matter jurisdiction over the case because there is no actual case or controversy between Allen Exchange and CLA Allen.[1]

About three months after Allen Exchange filed its declaratory-judgment action, CLA Allen filed a separate lawsuit against RPGC, LLC. CLA Allen later amended its complaint to also assert claims against RPGC Exchange. CLA Allen brought causes of action against the RPGC entities for: (1) breach of contract; (2) specific performance; and (3) fraudulent transfer. On June 20, 2022, RPGC Exchange filed a third-party complaint against Allen Exchange, alleging contractual indemnity, statutory fraud, negligent misrepresentation, and breach of warranty of title.

## II. Legal Standard

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). To decide whether to dismiss a declaratory-judgment action, district courts in the Fifth Circuit engage in

---

[1] In its reply brief, CLA Allen reframes its challenge as one to Allen Exchange's standing. Because the standing inquiry is intertwined with the inquiry into whether there is an actual controversy between the parties, the specific challenge does not impact the analysis.

3

a three-step inquiry: (1) whether an actual controversy exists between the parties to the case; (2) whether the court has the authority to grant declaratory relief; and (3) whether the court should exercise its "broad discretion" to decide or dismiss the action. *Frye v. Anadarko Petrol. Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (quotation omitted). District courts are "not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (citation omitted); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

### III. DISCUSSION

The Court determines that there is no actual controversy between Allen Exchange and CLA Allen. As such, the Court must dismiss this declaratory-judgment action for lack of subject-matter jurisdiction.

The requirement of an "actual controversy" refers to an Article III case or controversy. *Frye*, 953 F.3d at 294 (citation omitted). "In the declaratory judgement context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Grp. Specialty, Inc. v. Matthew/Muniot Fam., LLC*, 322 F.3d 835, 838 (5th Cir. 2003) (citation omitted). "In other words, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *ProBuild S. LCC v. Rice*, No. H-09-1845, 2009 WL

4

7765777, at *3 (S.D. Tex. Sept. 17, 2009) (citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). If no controversy exists, the Court does not have subject-matter jurisdiction over the action. *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The plaintiff bears the burden of showing the existence of a justiciable controversy. *Frye*, 953 F.3d at 294.

Allen Exchange argues that there is an actual controversy between it and CLA Allen for two reasons: (1) Allen Exchange, a party to a lease, is seeking a determination of its rights under the lease; and (2) CLA Allen explicitly threatened to sue Allen Exchange. The Court addresses each argument in turn.

## A. Determination of Rights Under the Lease

As to the argument that there is an actual controversy because Allen Exchange seeks a judgment regarding its rights under the lease, the Court finds that Allen Exchange has not carried its burden of pleading a substantial controversy of sufficient immediacy. CLA Allen argues that its only claims are against the RPGC entities because Allen Exchange sold the Property to RPGC Exchange, the lease is binding on Allen Exchange's successors and assigns, and the lease provides that, in the event of a transfer of title, Allen Exchange

> automatically shall be relieved from and after the date of such transfer of all liability with respect to the performance of any obligations . . . contained in this Lease . . . .; it being intended hereby that the covenants, conditions, and agreements contained in this Lease on the part of [Allen Exchange] shall . . . be binding on [Allen Exchange], its successors and assigns, only during and with respect to their respective period of ownership.

(Dkt. #14-1 at 39). Further, RPGC Exchange purchased the Property "subject to all matters of record," and, according to CLA Allen, the lease was recorded at that time.

5

(Dkt. #15-1 at 3). Allen Exchange does not dispute that it sold the Property and that the lease, to the extent it is still in effect, transferred to one or both of the RPGC entities with the sale.

The Court agrees that the only immediate controversy at this time involving CLA Allen is the one between CLA Allen and the RPGC entities—not the alleged controversy between CLA Allen and Allen Exchange. In the demand letters sent to Allen Exchange, CLA Allen did not assert that Allen Exchange breached any specific provision of the lease prior to selling the Property. CLA Allen's position has been clear from the start—it seeks to enforce the lease and "go[] forward with th[e] project." (Dkt. #14-10 at 2); *see also* (Dkt. #14-11 at 3 ("[CLA Allen] is ready, willing, and able to build.")). CLA Allen appears to have recognized that one or both of the RPGC entities, as the current landlord of the Property, can provide this relief, and CLA Allen filed suit only against the RPGC entities to pursue the relief it seeks. Therefore, while the Court recognizes that a request to declare the parties' legal rights can support a declaratory-judgment action, the request in this case does not suffice because Allen Exchange's alleged controversy is not sufficiently immediate or real.

## B. Threat of Litigation

Further, though CLA Allen's threat of litigation may have supported a declaratory-judgment action at one time, any controversy resulting from that threat is now moot.[2] "The mootness doctrine requires that the controversy posed by the

---

[2] Although the parties did not expressly raise mootness in their briefing, a mootness issue "[s]trik[es] at the very heart of federal subject matter jurisdiction" and "quite clearly can be raised *sua sponte* if not addressed by the parties." *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) (first alteration in original) (quotation omitted).

6

plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky*, 900 F.2d at 866. "Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ("The parties must continue to have a personal stake in the outcome of the lawsuit." (quotation omitted)).

Even if Allen Exchange previously could have argued that CLA Allen's threats of litigation against it could support a declaratory-judgment action, the action became moot after CLA Allen followed through with its threat only as to the RPGC entities. *See, e.g.*, *City of Seneca v. Sloan*, No. 8:09-284, 2009 WL 349354, at *1 (D.S.C. Feb. 9, 2009) (dismissing declaratory-judgment action where "the Defendants ha[d] not filed a lawsuit against the Plaintiff alleging any claim" and "may or may not assert claims against the Plaintiff in the future"). CLA Allen filed suit—and subsequently amended its complaint—and never named Allen Exchange as a defendant. More than eight months have passed since CLA Allen sent the letter threatening litigation, and CLA Allen has not pursued a lawsuit against Allen Exchange. CLA Allen appears to have determined that only RPGC Exchange or RPGC, LLC, or both, can provide the remedy it seeks, as one or both of those entities now owns the Property.

"[T]hreats of legal action, alone, cannot create an actual controversy under the Declaratory Judgment Act"; rather, the plaintiff "must still demonstrate that the controversy was sufficiently immediate and real." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 751 (5th Cir. 2009). Allen Exchange has demonstrated a threat of litigation but has not shown a sufficiently immediate and real controversy. Because CLA Allen has demonstrated that it seeks relief only from the RPGC entities, Allen Exchange will not suffer harm at the hands of CLA Allen if the Court does not enter the requested declaratory judgment. *See Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995) ("Parties' interests are adverse where harm will result if the declaratory judgment is not entered."). Thus, the alleged controversy is not ripe for review, and Allen Exchange's argument that the Court must decide this action falters at the first step of the analysis.

Because there is no actual controversy that is ripe for review, the Court does not have subject-matter jurisdiction and must dismiss this case.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that CLA Allen's Motion to Dismiss, (Dkt. #15), is **GRANTED**. Allen Exchange's claims against CLA Allen are **DISMISSED**.

**So ORDERED and SIGNED this 22nd day of July, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE