UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALLEN EXCHANGE PARTNERS, LTD. | § § § | |
| v. | § § § § | CIVIL NO. 4:21-CV-870-SDJ |
| CLA ALLEN, LLC | | |

# MEMORANDUM OPINION AND ORDER

Before the Court is RPGC Exchange, LLC's Motion to Intervene. (Dkt. #25). Defendant CLA Allen, LLC, responded to the motion, (Dkt. #30), and RPGC Exchange filed a reply, (Dkt. #31). The Court, having considered the motion, the subsequent briefing, the record, and the applicable law, **DENIES** the motion.

On October 29, 2021, Plaintiff Allen Exchange Partners, Ltd., brought a declaratory-judgment action against CLA Allen. On February 18, 2022, RPGC Exchange moved to intervene in the case. The Court has since dismissed the underlying case. Less than two months after RPGC Exchange filed its motion to intervene in the now-dismissed case, CLA Allen amended its complaint in a separate lawsuit to assert claims against RPGC Exchange for breach of contract, specific performance, and fraudulent transfer. *See* (Civil No. 4:22-CV-035, Dkt. #7). In that lawsuit, RPGC Exchange filed a third-party complaint against Allen Exchange.

An "existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985) (quotation omitted). "'By its very nature intervention presupposes pendency of an action in a court of competent

1

jurisdiction' and thus 'whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention.'" *In re Greyhound Sec. Litig.*, No. 3:95-CV-2103, 1997 WL 531317, at *3 (N.D. Tex. Aug. 15, 1997) (quoting *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974)). In cases in which intervention occurs before dismissal, "a federal court has the discretion to treat an intervention as a separate action, and may adjudicate it despite dismissal of the main demand if failure to do so might result in unnecessary delay or other prejudice" and if "a separate and independent jurisdictional basis exists." *Arkoma Assocs. v. Carden*, 904 F.2d 5, 7 (5th Cir. 1990) (per curiam) (citation omitted).

Because the Court has granted CLA Allen's motion to dismiss, RPGC Exchange's motion to intervene must be denied. RPGC Exchange "seeks to join a non-existent suit." *In re Greyhound Secs. Litig.*, 1997 WL 531317, at *5; *see also Harris*, 768 F.2d at 681 n.21 (indicating that the court "would agree with the general proposition that a party cannot intervene in an action that no longer exists" but declining to state how the court would rule in such a situation); *Nikko Trading of Am. Corp. v. WasteMasters, Inc.*, No. 3:98-CV-0048, 2000 WL 284190, at *2 n.5 (N.D. Tex. Mar. 14, 2000) ("Rahr's addition to the case as an intervener cannot resuscitate a non-existent controversy . . . .").

Even if RPGC Exchange's intervention could be treated as a separate action, RPGC Exchange will not suffer delay or prejudice from not being permitted to intervene. RPGC Exchange is the named defendant in the second-filed lawsuit and

brought a third-party complaint against Allen Exchange. RPGC Exchange can pursue all necessary relief in that lawsuit.

For the foregoing reasons, it is ordered that RPGC Exchange, LLC's Motion to Intervene, (Dkt. #25), is **DENIED**.

**So ORDERED and SIGNED this 22nd day of July, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE